(54 Misc. Rep. 11)

## In re BUSINESS MEN'S ASS'N OF CITY OF NEWBURGH.

(Supreme Court, Special Term, Orange County.  1907.)

HIGHWAYS—CONSTRUCTION—APPORTIONMENT OF COST—STATUTORY PROVISIONS.
Laws 1898, p. 220, c. 115, § 9, as amended by Laws 1906, p. 1091, c. 468, relating to road construction, provides that one-half the expense of the construction thereof shall be paid by the state, on the requisition of the engineer, one-half the expenses to be a county charge in the first instance, and to be paid by the county treasurer of the county wherein such highway is, on the requisition of such engineer, but the amount so paid shall be apportioned by the board of supervisors, so that 35 per cent. of the cost of construction shall be a general county charge, and 15 per cent. a charge on the town wherein the improved highway is located. Section 11 of the same act (page 1091), requiring that the county's half of the cost shall be immediately available, provides that the county shall be charged annually by the Comptroller with the proper amount to meet the one-half of the total cost payable by the county and town, and that it shall be the duty of the board of supervisors to apportion the said amount as provided in section 9. *Held*, that the supervisors are not required to apportion the 15 per cent. to the town until after a contract for the construction of a road is let, or it is definitely known what the cost of the work will be.

Application by the Business Men's Association of the City of Newburgh for a peremptory writ of mandamus to the board of supervisors of Orange county. Motion denied.

Graham Witschief, for relator.
Joseph D. Gott and M. N. Kane, for respondent.

TOMPKINS, J.  The relator asks for a peremptory writ of mandamus, directing the board of supervisors of Orange county to ap-

portion to the town of Highlands 15 per cent. of the expense of the construction of the Highland Lake and Ft. Montgomery road, in the town of Highlands, Orange county. The answer to the application is that the construction work has not been done, that no expense ·has been incurred, that no contract for the work has been let, and that a contract may never be let, for the reason that it is possible that no bid within the amount of the estimate may be made.

My conclusion is that the motion is premature; that the supervisors are not required to apportion the 15 per cent. to the town until after a contract is let, or it is definitely known what the cost of the work will be. Indeed, it is a serious question whether the board of supervisors can be compelled by mandamus to make the apportionment until after the county has paid to the state 50 per cent. of the cost, for the reason that the law makes 50 per cent. of the cost "a county charge in the first instance." Section 9, c. 115, p. 220, of the Laws of 1898, as amended by chapter 468, p. 1091, of the Laws of ·1906, which relates to such road construction as is contemplated in this case, reads as follows:

"Except as otherwise provided one-half of the expense of the construction thereof shall be paid by the State Treasurer upon the warrant of the Comptroller, issued upon the requisition of such engineer, out of any specific appropriations made to carry out the provisions of this act. And one-half of the expense thereof shall be a county charge in the first instance, and the same shall be paid except as hereinafter provided, by the county treasurer of the county in which such highway or section thereof is, upon the requisition of such engineer, but the amount so paid shall be apportioned by the board of supervisors, so that thirty-five per centum of the cost of construction shall be. a general county charge; and fifteen per centum shall be a charge upon the town in which the improved highway, or section thereof, is located."

It seems very clear to me that the intention of the Legislature was that the county should first pay to the state 50 per cent. of the cost of construction, or become· obligated by a contract, and then levy and collect from the town 15 per cent., and that the town apportionment cannot be made until the exact amount paid or to be paid for the work is known; and section 11 of the same act, relating to the same work. and requiring that the county's half of the cost shall be appropriated and made "immediately available," provides:

"That the county shall be charged annually by the Comptroller with the proper amount to be paid into the redemption fund, to meet the one-half of the total cost, payable by the county and town."

And following the provision just quoted:

"Thereafter it shall be the duty of the board of supervisors to apportion the said amount, as provided in section 9."

It is not until after the contract has been let, or the county has been charged by the Comptroller with the amount to be paid, to meet the one-half of ·the total cost, that the town's share can be known and apportioned.

Motion denied.